JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| LARRY LEE JACKS, | No. ED CV 21-104-JFW (PLA) |
| Petitioner, | |
| v. | **ORDER DISMISSING SUCCESSIVE PETITION WITHOUT PREJUDICE** |
| WARDEN LYNCH, | |
| Respondent. | |

**I.**

**BACKGROUND**

On January 15, 2021, petitioner filed a Petition for Writ of Habeas Corpus. In 2016, petitioner was convicted of robbery (Cal. Penal Code § 211) in the San Bernardino County Superior Court, and was sentenced to a state prison term of forty years to life. He is currently incarcerated at California State Prison, Sacramento. (ECF No. 1 at 2). The Petition challenges petitioner's 2016 conviction on the ground that his constitutional rights were violated because his arraignment took place five days after his arrest.[1] (Id. at 3).

---

[1] As petitioner is in custody pursuant to a state court judgment, the Court construes the Petition under 28 U.S.C. § 2254.

In March 2020, petitioner filed an earlier habeas petition in this Court (the "2020 Petition"). (Case No. ED CV 20-628-JFW (PLA), ECF No. 1). The 2020 Petition also challenged petitioner's 2016 conviction, and contained two grounds for relief: (1) petitioner was mentally incompetent at the time of his trial, and his trial counsel provided ineffective assistance for failing to adequately investigate petitioner's mental health; and (2) the attorney-client privilege was violated at the hearing on petitioner's motion for a new trial. (Id.). Judgment was entered on September 1, 2020, dismissing the 2020 Petition with prejudice, and a certificate of appealability was denied. (Id., ECF Nos. 13, 22-24). Petitioner filed a notice of appeal in the Ninth Circuit, which is currently pending. (Id., ECF No. 26).

## II.

## DISCUSSION

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

As set forth above, petitioner's 2020 Petition was dismissed with prejudice. As both the 2020 Petition and instant Petition challenge petitioner's 2016 conviction, the Court concludes that the instant Petition is successive. Although it does not appear that petitioner satisfies any of the exceptions listed in 28 U.S.C. § 2244(b)(2)(A) or (B), even if he could make such a showing, he is still required to request *and obtain* authorization from the Ninth Circuit before filing a successive petition. 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to receive authorization from the court of appeals before filing a second habeas petition). Because there is no indication that petitioner has obtained such authorization from the Ninth Circuit, the Court is without jurisdiction to entertain the instant Petition. See Burton, 549 U.S. at 153; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").

Accordingly, dismissal of the instant Petition without prejudice as successive is appropriate.[2]

/
/
/
/
/
/
/

---

[2] If petitioner wishes to make a successive habeas application, he must file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" directly with the Ninth Circuit Court of Appeals. Until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to file the petition.
  If petitioner obtains permission from the Ninth Circuit Court of Appeals to file a successive petition, he should file a new petition for writ of habeas corpus. He should not file an amended petition in this action or use the case number from this action because the instant action is being closed today. If petitioner files a new petition, the Court will give that petition a new case number.

3

## III.
## CONCLUSION

IT IS THEREFORE ORDERED that this action is **dismissed without prejudice** as successive.

DATED: January 27, 2021

HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT JUDGE